17-1182-cv
*Committee on Professional Standards v. Marin*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand nineteen.

PRESENT:   JOHN M. WALKER, JR.,
              JOSÉ A. CABRANES
              ROBERT D. SACK,
                    *Circuit Judges.*

---

COMMITTEE ON PROFESSIONAL STANDARDS.,

        *Plaintiff-Counter-Defendant-Appellee,*            17-1182-cv

        v.

MEL M. MARIN,

        *Defendant-Counter-Claimant-Appellant.*

---

**FOR PLAINTIFF-COUNTER-
DEFENDANT-APPELLEE:**           Jennifer L. Clark and Victor Paladino,
                                     Assistant Solicitors General, *for* Barbara
                                     D. Underwood, Solicitor General, *for*
                                     Letitia James, Attorney General of the
                                     State of New York, Albany, NY.

**FOR DEFENDANT-COUNTER-
CLAIMANT-APPELLANT:**           Melvin M. Marin, *pro se*, Parma, OH.

Appeal from a March 30, 2017 order of the United States District Court for the Northern District of New York (Lawrence E. Kahn, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and hereby is **AFFIRMED**.

Defendant-Counter-Claimant-Appellant Melvin M. Marin ("Marin"), proceeding *pro se*, appeals an order of the District Court denying his motion under Federal Rule of Civil Procedure 60 to vacate a September 19, 1997 order remanding his case to state court for lack of subject matter jurisdiction. Marin also appeals the District Court's denial of his motion to correct an annotation on the docket sheet. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review the district court's Rule 60 decision for abuse of discretion." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009). Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard,* 34 F.3d 1132, 1142 (2d Cir. 1994)). Rule 60(b)(5) provides that a court may grant relief from a final judgment where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable[.]" Fed. R. Civ. P. 60(b)(5). The residual clause, Rule 60(b)(6), allows for relief from judgment based on "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "A Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *Brien*, 588 F.3d at 175 (internal quotation marks, brackets, and citation omitted). Motions under Rules 60(b)(5) and (6) "must be made within a reasonable time." Fed. R. Civ. P. 60(c).

Here, the District Court properly concluded that Marin's Rule 60 motion—filed nearly two decades after the 1997 remand order—was untimely.[1] *See, e.g.*, *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 191 (2d Cir. 2006) ("In a typical case, five years from the judgment to a Rule 60(b) motion would be considered too long by many courts."). Marin identifies no changes in the law governing the decision to remand for lack of subject matter jurisdiction that could potentially excuse his delay. Moreover, a Rule 60(b) motion is not a "substitute for appeal" and may not be used to relitigate the merits of the District Court's decision to remand for lack of subject matter jurisdiction. *See Competex,*

---

[1] Marin appears to argue that the "common Rule 60 time limits" do not apply to his motion because "state law created the *sui generis* nature of attorney discipline [and] the attorney has a right under *Erie* to have the state time limits applied to a motion to reconsider (there are none), rather than the federal time limits." Appellant Br. 13–14. Marin fundamentally misunderstands the *Erie* doctrine, beginning with the fact that the doctrine applies only to federal courts sitting in diversity. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). The additional cases Marin cites in support of this proposition are also entirely inapposite.

*S.A. v. Labow*, 783 F.2d 333, 335 (2d Cir. 1986). Thus, the District Court did not abuse its discretion in denying Marin's motion as untimely.

In addition to the avenues of relief available under Rule 60(b), a court may "entertain an independent action to relieve a party from a judgment" under Rule 60(d). Fed. R. Civ. P. 60(d)(1). To obtain equitable relief through an independent action under Rule 60(d), a claimant must "(1) show that [he has] no other available or adequate remedy; (2) demonstrate that [his] own fault, neglect, or carelessness did not create the situation for which [he] seek[s] equitable relief; and (3) establish a recognized ground—such as fraud, accident, or mistake—for the equitable relief." *Campaniello Imps., Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997). Independent actions under Rule 60(d)(1) are available "only to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

Marin has failed to demonstrate any circumstances warranting relief under Rule 60(b), much less Rule 60(d). *See Beggerly*, 524 U.S. at 47. Any personal and professional hardships he has suffered as a result of his suspension from the New York State Bar are a consequence of New York State's disciplinary proceedings, not the District Court's remand order.

Finally, we see no basis for Marin's motion to correct the "Case Closed on 9/18/97" notation on the District Court's docket sheet. It is well-established that notations on a docket sheet are merely for administrative purposes and have no bearing on the issue of state court jurisdiction. *See Filanto, S.p.A. v. Chilewich Int'l Corp.*, 984 F.2d 58, 61 (2d Cir. 1993) ("We see no jurisdictional significance to the docket entry marking the case as 'closed,' which we will assume was made for administrative or statistical convenience.").

## CONCLUSION

We have reviewed all of the arguments raised by Marin on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the March 30, 2017 order of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3